LAWRENCE P. BLASKOPF
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
(202) 514-9642
LB5616

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| KEVIN KRAFT and JENNIFER L. KRAFT, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

PLAINTIFF, the United States of America, complains of defendants as follows:

1.  This is a civil action in which the United States seeks judgments against

defendants Kevin Kraft and Jennifer L. Kraft for income taxes and for trust fund taxes

(see 26 U.S.C. § 6672).

JURISDICTION & VENUE

2.  The Chief Counsel for the Internal Revenue Service (IRS), a delegate of the

Secretary of the Treasury, has authorized and requested this action, and the action is

brought at the direction of the Attorney General of the United States pursuant to 26

U.S.C. §§ 7401 and 7402(a).

- 2 -

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4.  Venue is proper in this Court by virtue of 28 U.S.C. § 1396.

PARTIES

5.  Plaintiff, the United States of America, is the sovereign body politic.

6.  Defendants Kevin Kraft and Jennifer L. Kraft reside within the jurisdiction of this Court.

COUNT I

Kevin Kraft's Federal Tax Liabilities

7. The allegations contained in paragraphs 1 through 6 are restated as if set forth in full herein.

8. Defendant Kevin Kraft is indebted to the United States for trust fund employment taxes pursuant to 26 U.S.C. § 6672 as a responsible person of Kraft Industries, Inc.   The IRS assessed these trust fund recovery taxes against him on February 5, 2001 for the tax periods running from the fourth quarter of 1997 through the fourth quarter of 1999.  The amount of this assessment was $207,560.75.  As of August 29, 2011, Mr. Kraft was indebted to the United States in the amount of $354,632.00 with respect to this assessment.

9.  The statute of limitations to collect the assessment set forth in ¶ 8 was extended under 26 U.S.C. §§ 6331(i) and (k) as a result of offers in compromise Kevin

- 3 -

Kraft submitted to the IRS during 2006.  During the time these offers were pending, the IRS was precluded from collecting this assessment.

10. Kevin Kraft is liable for federal income taxes with respect to his 2003 and 2006 tax years.  The IRS assessed these taxes on the following dates, and the following amounts were due as of August 29, 2011:

| Tax Year | Assessment Date | Amount Due |
|----------|-----------------|------------|
| 2003 | 2/07/05 | $    150.68 |
| 2006 | 4/07/08 | 9, 959.74 |

11. The IRS gave Kevin Kraft notice and demand for payment of the assessments set forth in paragraphs 8 and 10 on the same dates that it assessed these liabilities against him.

12.   Although the IRS gave Mr. Kraft notice and demand for payment of the assessments for the tax periods set forth in paragraphs 8 and 10, he has neglected or refused to pay over in full the amounts assessed.   As a result, as of August 29, 2011, a total sum of $364,742.42 remained due and owing to the United States with respect to these tax years.  Statutory interest and additions to tax continue to accrue on this amount.

COUNT II

Jennifer Kraft's Federal Tax Liabilities

13. The allegations contained in paragraphs 1 through 6 are restated as if set forth in full herein.

- 4 -

14.  Defendant Jennifer Kraft is indebted to the United States for trust fund employment taxes pursuant to 26 U.S.C. § 6672 as a responsible person of Kraft Industries, Inc.   The IRS assessed these trust fund recovery taxes against her on February 5, 2001 for the tax periods running from the fourth quarter of 1997 through the fourth quarter of 1999.  The amount of this assessment was $207,560.75.  As of August 29, 2011, Ms. Kraft was indebted to the United States in the amount of $354,632.00 with respect to this assessment.

15.  The statute of limitations to collect the assessment set forth in ¶ 14 was extended under 26 U.S.C. § 6503(h) as a result of a bankruptcy case she filed in March 9, 2007.  This case was dismissed on September 24, 2009.

16. Jennifer Kraft is liable for federal income taxes with respect to her 2003 and 2006 tax years.  The IRS assessed these taxes on the following dates, and the following amounts were due as of August 29, 2011:

| Tax Year | Assessment Date | Amount Due |
|---|---|---|
| 2003 | 2/07/05 | $    150.68 |
| 2006 | 4/07/08 | 9,959.74 |

17. The IRS gave Jennifer Kraft notice and demand for payment of the assessments set forth in paragraphs 14 and 16 on the same dates that it assessed these liabilities against her.

18.   Although the IRS gave Ms. Kraft notice and demand for payment of the assessments for the tax periods set forth in paragraphs 14 and 16, she has neglected or

- 5 -

refused to pay over in full the amounts assessed.   As a result, as of August 29, 2011, a total sum of $364,742.42 remained due and owing to the United States with respect to these tax years.  Statutory interest and additions to tax continue to accrue on this amount.

WHEREFORE it is prayed that this Court:

A.  Determine and adjudge that defendant Kevin Kraft is indebted for trust fund employment tax for periods ending December 31, 1999, and for federal income tax, penalties, and interest liabilities with respect to his 2003 and 2006 tax years in the total amount of $364,742.42 plus statutory interest from August 29, 2011;

B.  Determine and adjudge that defendant Jennifer Kraft is indebted for trust fund employment tax for periods ending December 31, 1999, and for federal income tax, penalties, and interest liabilities with respect to her 2003 and 2006 tax years in the total amount of $364,742.42 plus statutory interest from August 29, 2011;

C.  Grant the United States its costs and attorney's fees incurred in the commencement and prosecution of this action; and

- 6 -

D. Grant such other and further relief as deemed just and proper.

Date: March 26, 2012.

PAUL J. FISHMAN
United States Attorney


JOHN A. DiCICCO
Principal Deputy Assistant Attorney
General
Tax Division



   /s/Lawrence P. Blaskopf
LAWRENCE P. BLASKOPF
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
(202) 514-9642