NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. 12-1852 (MAS) (TJB) |
| v. | MEMORANDUM OPINION |
| KEVIN KRAFT and JENNIFER L. KRAFT, | |
| Defendants. | |

**SHIPP, District Judge**

The United States commenced this action to reduce federal tax assessments to judgments against Defendants Kevin Kraft and Jennifer L. Kraft. The United States now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants submitted opposition to the motion, and the United States replied. After careful consideration of the parties' submissions, the Court has decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the United States' motion is granted.

**I.  Overview**

On February 5, 2001, the Internal Revenue Service ("IRS") assessed a trust fund recovery penalty for the period ending December 31, 1999 of $207,560.75 against Kevin Kraft and $225,097.83 against Jennifer Kraft. (United States' Statement of Undisputed Material Facts ("U.S. SUMF") ¶¶ 2-3, ECF No. 18-2.) On February 7, 2005, the IRS assessed a $3,011.00 deficiency in the Krafts' joint income taxes for the 2003 tax year. (*Id.* at ¶ 1.) On March 26, 2012, the United States commenced this action for judgment on all three assessments. As of February 10, 2014,

Kevin and Jennifer Kraft's liability on the 2001 assessments had grown to $382,035.40 and $381,036.40, respectively. (*Id.* at ¶¶ 5-6.) The couple also owed $162.33 of the amount assessed in 2005.

Defendants do not deny that the IRS made the assessments in question, nor do they raise a genuine issue of fact regarding the assessments' accuracy. (Defendants' Responsive SUMF ¶¶ 1-3, ECF No. 24.) Defendants' sole defense to summary judgment relates to the timeliness of this suit with respect to the February 2001 assessments. As set forth in the discussion portion of this Opinion, the Court concludes that the government commenced this proceeding within the applicable ten-year statute of limitations.

## II.  Standard of Review

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must determine whether the evidence, viewed in the light most favorable to the non-moving party, "presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. Summary judgment should be granted if the evidence available would not support a jury verdict in favor of the non-moving party. *Id.* at 249-50.

## III.  Discussion

"The Secretary of the Treasury's determination that a taxpayer owes particular taxes, including interest, additions to tax, and assessable penalties imposed by the Internal Revenue Code is officially recorded as a tax assessment." *United States v. Cook*, No. 02-9475, 2004 WL 690804,

2

at *6 (E.D. Pa. March 22, 2004). If a taxpayer fails to pay assessed taxes after notice and demand, the government may bring an action to reduce the assessment to judgment. *See* 26 U.S.C. §§ 7401-7403. Generally, the government must commence such an action within ten years from the date of the assessment in question. 26 U.S.C. § 6502(a)(1); *see United States v. Ryals*, 480 F.3d 1101, 1104-05 (11th Cir. 2007).

There are various ways to toll the statute of limitations imposed by § 6502, two of which are relevant here. The first applies when a taxpayer submits an offer in compromise to the IRS pursuant to 26 U.S.C. § 7122. The statute of limitations period is suspended while the IRS considers the taxpayer's offer, and if the IRS rejects the offer, for 30 days after the rejection is served on the taxpayer. 26 U.S.C. §§ 6331(i)(5), 6331(k)(1). The second exclusion from the statute of limitations runs from the date a taxpayer files for bankruptcy until six months after the bankruptcy proceeding terminates. 26 U.S.C. § 6503(h)(2).

As noted above, the judgments sought in this case are based in part on trust fund recovery penalty assessments dating back to February 5, 2001. If the statute of limitations ran uninterrupted from the date of these assessments, it would have expired on February 5, 2011 – over eleven months before these proceedings began. Nevertheless, the government maintains that this action is timely, submitting IRS account transcripts (ECF Nos. 18-6 & 18-7) to demonstrate that the limitations period applicable to each assessment was suspended for significant periods of time. Based on the calculations set forth below, the Court concludes that this action, commenced on March 26, 2012, was timely as to each Defendant.

A.  **Calculation as to Kevin Kraft**

Kevin Kraft submitted offers in compromise to the IRS on March 22, 2006 and July 27, 2006. The March 22 offer remained under consideration until it was withdrawn on June 28, 2006.

The IRS rejected the July 27 offer on May 16, 2007. Counting the total number of days in which the two offers were pending, together with the 30 days added automatically following the rejection of an offer under § 6331(k)(1), results in a 421-day freeze of the limitations clock. As a result, the statute of limitations expired not on February 5, 2011, but on April 2, 2012 – one week after the government filed its Complaint.

### B.     Calculation as to Jennifer Kraft

Jennifer Kraft also submitted an offer in compromise on March 22, 2006, withdrawing it 98 days later on June 28. On March 8, 2007, Ms. Kraft filed for bankruptcy. The bankruptcy proceeding, which was pending for 931 days before its dismissal on September 24, 2009, kept the limitations period frozen until March 24, 2010. The total excludable delay of approximately 1,210 days pushed the limitations period to May 2014, removing any doubt as to the timeliness of this proceeding as to Jennifer Kraft.

## IV.    Conclusion

For the reasons set forth above, the United States' motion for summary judgment is granted. The Court will enter judgment against Kevin Kraft and Jennifer Kraft for $382,198.73 and $381,382.94, respectfully, representing the amounts owed by each Defendant for the 1999 trust fund recovery penalties and 2003 federal income tax deficiency as of February 10, 2014, plus statutory additions and less payment made thereafter. An appropriate order follows.

/s/ Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**

Dated: September 10, 2014

4